UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BULLSEYE TELECOM, INC.,

    Plaintiff,

v.

U.S. VISION, INC.,

    Defendant.
_____/

Case No. 18-cv-12331

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE EXPERT WITNESSES [#20]**

### I. INTRODUCTION

Present before the Court is Plaintiff's Motion to Strike Expert Witnesses, filed on December 28, 2018. Dkt No. 20. Defendant responded to the Motion on January 11, 2019. Dkt. No. 22. Plaintiff did not file a reply.

After reviewing the parties' briefs, the Court finds that no hearing on the Motion is necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court will DENY Plaintiff's Motion [#20].

### II. BACKGROUND

At issue is whether the parties' expert witness reports were due at the time they were required to file their expert witness lists. According to the Court's September 10, 2018 Scheduling Order, witness lists, including both "lay and

expert" witnesses, were to be filed by December 7, 2018. Dkt. No. 17. On December 7, 2018, both parties filed witness lists. Dkt. No. 18; Dkt. No. 19. Defendant listed two expert witnesses -- Alan Broida and Michael Palmer -- but did not accompany these disclosures with expert witness reports. On December 28, 2018, Plaintiff filed a Motion to Strike Expert Witnesses, claiming Defendant's disclosures failed to meet the requirements of Federal Rule of Civil Procedure 26(a)(2).

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(a)(2), "a party must disclose to the other parties the identity of any witness it may use at trial." Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specifically employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Sixth Circuit has interpreted Rule 37(c)(1) to "require[] absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in

connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance, by & Through Hammons v. United States*, 182 F.3d 920 (6th Cir. 1999)).

"Harmless" has been interpreted to mean "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (quoting *Vance*, 182 F.3d 920, at *5). To assess whether a party's omitted or late disclosure is "substantially justified" or "harmless," the Sixth Circuit has adopted the following five-factor test: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id*. at 747–48 (citing *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)).

## IV. DISCUSSION

As an initial matter, Defendant did not comply with Rule 26's procedures surrounding the disclosure of expert witness reports. Rule 26(a)(2)(B) states, "[u]nless otherwise stipulated or ordered by the court," parties "must" include written reports along with their disclosure of expert witnesses. FED. R. CIV. P.

26(A)(2)(B).  The Court did not change this default rule.  Therefore, both parties were required to submit expert reports along with their expert witness disclosures. Defendant's reliance on *Lefebvre v. Citizens Insurance. Co. of the Midwest* is misplaced.  *See* 2015 WL 6694030 (E.D. Mich. Nov. 3, 2015).

In *Lefebvre*, this Court found that the scheduling order had not stipulated a date for expert witness disclosures.  *Id.*  Thus, "[a]bsent a stipulation or a court order," Rule 26(a)(2)(D)(i) only required expert witness disclosures to be made "at least 90 days before the date set for trial."  Fed. R. Civ. P. 26(a)(2)(D)(i).  But here, the Court's Scheduling Order required the parties' witness lists to be filed by December 7, 2018 -- specifically referring to both lay and expert witnesses.  Dkt. No. 17.  This implied that both the parties' expert witness lists and accompanying expert reports were due on that date.  Hence, Defendant violated Rule 26(a)(2) by failing to submit its expert witness reports along with the expert witness list.

Plaintiff argues that the Court should now strike Defendant's expert witnesses pursuant to Rule 37(c)(1).  Rule 37(c)(1), however, provides the Court with discretion to determine whether to impose such a penalty where the "failure [to comply with Rule 26] was substantially justified or harmless."  Fed. R. Civ. P. 37(c)(1).  Applying the Sixth Circuit's five-factor test here, the Court finds that Defendant's violation was indeed harmless.

First, the Court assesses the surprise to the party against whom the evidence would be offered. Here, there is no surprise as to the identity of Defendant's expert witnesses, as they were timely disclosed. Rather, the surprise comes from the content of the expert reports.

Second, the Court considers the ability to cure this surprise. As Defendant notes in its brief, there is still time for Plaintiff to conduct necessary discovery surrounding Defendant's experts, especially now that the discovery cutoff date has been pushed back to April 8, 2019. *See* Dkt. No. 23; *see also Wallace Sales & Consulting, LLC v. Tuopu North America, Ltd.*, 2016 U.S. Dist. LEXIS 160806 (E.D. Mich. Nov. 21, 2016) (finding that disclosure of expert reports less than 40 days from trial provided the surprised party with enough time to remedy).

Third, the Court evaluates the extent to which allowing the proposed evidence would disrupt trial. Here, no disruption of trial has resulted, or will result, from Defendant's inaction. There is still time for Plaintiff to take steps to remedy any prejudice caused by Defendant's incomplete disclosures. Again, this is especially true now that the discovery cutoff date and the trial date have been pushed back. *See* Dkt. No. 23.

Fourth, the Court reviews the importance of the evidence. Defendant does not make any claim about the importance of its expert witnesses, but the manner in

which Defendant has contested this Motion leads the Court to believe the testimony will provide some value.

Finally, the Court examines Defendant's explanation for its failure to timely disclose the evidence. Defendant makes two arguments. First, Defendant argues the delay was substantially justified because it is "illogical and contradictory to the entire purpose behind Rule 26 to require a party to expend the time and money of producing an expert report prior to knowing what the other side's claims are and what support, if any, they have for those claims at trial." Dkt. No. 22, p. 5 (Pg. ID 1760). But this argument fails because Plaintiff's First Amended Complaint provided sufficient notice of the basis for its claims. *See* Dkt. No. 11.

Alternatively, Defendant argues it was justified in its delay because the parties agreed to the default rules regarding discovery deadlines, which make expert witness reports due only ninety days before trial. This argument, however, runs contrary to the Court's Scheduling Order, and the requirements of Rule 26(a)(2)(B). As discussed above, the parties' expert reports were intended to accompany their expert witness lists.

In spite of the above arguments, it still does not appear that Defendant acted in bad faith, but instead made an honest mistake. Indeed, Defendant attempted to resolve this issue with Plaintiff by stipulating to an agreed upon date for the exchange of expert witness reports. *See* Dkt. No. 24. Considering all relevant

factors, the Court finds that Defendant's failure to provide expert witness reports was harmless. Any potential harm can be ameliorated by Defendant making its expert reports available to Plaintiff in advance of the close of discovery. Accordingly, the Court will Deny Plaintiff's Motion to Strike Expert Witnesses.

## V. Conclusion

For the reasons stated herein, the Court will DENY Plaintiff's Motion to Strike Expert Witnesses [#20]. However, the Court will require Defendant to provide expert reports for both expert witnesses identified in its December 7, 2018 witness list <u>within seven days of this Order</u>.

IT IS SO ORDERED.

Dated: March 13, 2019

s/Gershwin A. Drain
Hon. Gershwin A. Drain
United States District Court Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 13, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager
